## Commonwealth v. Sherry

*Ralph C. Warman, assistant district attorney,* for the commonwealth.

*Charles C. Gentile,* for defendant.

FRANKS, *J.,* May 7, 1986 — This opinion is in support of our March 7, 1986, decision wherein we

granted defendant's demurrer on the charge of driving under suspension (for driving while intoxicated), 75 Pa.C.S. §1543(b), and found defendant guilty of disorderly conduct. Because the commonwealth has challenged our granting of the demurrer, we shall confine our opinion to that issue.

## BACKGROUND

Defendant has a long history of suspensions and revocations of his operator's license. The two which concern us here are a five-year suspension under the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-113(a)(13), effective October 5, 1983, and a subsequent suspension for driving while under the influence which will become effective on October 4, 1988.

On or about August 4, 1985, defendant was arrested and charged with disorderly conduct and violating section 1543(b) of the Vehicle Code. 75 Pa.C.S. §1543(b). That section relates to driving under suspension for driving while intoxicated. The case proceeded to a bench trial before this court.

At that time the commonwealth placed into evidence the certification of defendant's driving record. That record clearly indicated that the suspension for driving under the influence did not take effect until October 4, 1988. Defendant demurred to the section 1543(b) charge arguing that he had not been under suspension for driving under the influence. After review of section 543(b) we agreed and dismissed the charge.

## DISCUSSION

Our research has revealed no appellate cases which determine the issue presented to us. As in all

cases of statutory interpretation which are matters of first impression, we must turn to the rules of construction.

Under the Statutory Construction Act we are required to accept statutory language which is clear and free from doubt. "When the words of statute are free and clear from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921. Thus the first course we must take is to review the language of section 1543(b), which provides:

"Any person who drives a motor vehicle on any highway on trafficway of this commonwealth at a time when their operating privilege is suspended or revoked . . . because of a violation of section . . . 3731 (driving while under the influence) shall upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days. 75 Pa.C.S. § 1543(b).

The language of section 1543(b) is clear. The conviction must occur *"at a time* when their operating privilege is suspended or revoked *because* of a violation of section . . . 3731." The reason for the suspension must be a violation of section 3731, 75 Pa.C.S. §3731.

The commonwealth argues that defendant is somehow subverting the purpose of the statute by asserting his own wrongdoing in the prior suspension. Defendant's only gain as we see it is that the penalties associated with section 1543(b) have been delayed by the operation of section 1544. They have not been reduced.

The commonwealth argues that we should permit it to charge a defendant with a violation of section 1543(b) from the conviction under section 3731

through the end of the suspension which is imposed for that violation. This would be without regard to when the secretary actually imposed the suspension or whether an intervening suspension existed. We find no authority for such an expansive interpretation. To so hold would expand the penalty of section 1543(b) to cover non-section §1543(b) offenses. Thus, the penalty for driving while under the influence could be imposed when there was a relatively minor offense such as failure to respond to a citation.

We believe the effect of such an interpretation would be to impermissibly add to the penalty provision of the non-section 1543(b) offenses. This would not be in keeping with the rule of construction that penal provisions should be strictly construed. 1 Pa.C.S. §1932. We are required to adopt the construction which favors the least penalty which is supportable by the statute's terms. *Commonwealth v. Capitolo,* 324 Pa. Super. 61, 471, A.2d 462 (1984).

*Capitolo* reaches its conclusion based on an early Supreme Court case which provides:

"[W]hen a criminal statute calls for construction, it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty." *Commonwealth v. Exler,* 243 Pa. 155, 162-163, 89 A.2d 968, 971 (1914).

We find the construction of section 1543(b) which best serves the statute's plain meaning and favors the life and liberty of defendant is the limitation of the imposition of that section to the time when defendant is actually serving a suspension under its provisions. It is further noted that the ex-

pansion of such a penalty is better suited to the legislature and not the courts. We, therefore, granted defendant's demurrer.